**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Marija Kristich Decker, State Bar No. 207387
  Email: Decker@luch.com
Andrew Quinn Thompson, State Bar No. 340286
  Email: AThompson@luch.com
200 South Los Robles Avenue, Suite 500
Pasadena, California 91101
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the
Operating Engineers Pension Trust, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, and SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND,<br><br>        Plaintiffs,<br><br>   vs.<br><br>M.V.C. ENTERPRISES, INC. doing business as "Moreno Valley Construction," a California corporation,<br><br>        Defendant. | CASE NO.:  5:23-cv-63<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND VIOLATION OF ERISA § 515 [29 U.S.C. § 1145]** |

1

**PLAINTIFFS' COMPLAINT**

1682172

Plaintiffs TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, and SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND complain and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)], to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiffs' Trusts (defined below) are administered, the signatory union maintains union offices, and where the contractual obligation is to be paid.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5. Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, and Trustees of the Operating Engineers Local 12 Defined Contribution Trust (collectively, the "Trustees"), are the trustees of five express trusts (collectively, the "Trusts") created pursuant to written declarations of trust (the "Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various multiemployer associations in the construction industry in Southern California and Southern Nevada. The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)]. The Plaintiffs, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)]. Plaintiff, Engineers Contract Compliance Committee Fund, is established by Local 12 in accordance with Section 6(b) of the Labor Management Cooperation Act of 1978 in order to improve job security and organizational effectiveness. Plaintiff, Southern California Partnership for Jobs Fund, is an industry-wide advancement fund established by the employers and Local 12. Collectively, all plaintiffs are referred to herein as the "Plaintiffs."

6. At all times material herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

///

3
PLAINTIFFS' COMPLAINT

1682172

7. At all times material herein, defendant M.V.C. Enterprises, Inc. doing business as Moreno Valley Construction, a California corporation ("Defendant"), has been a corporation duly organized and existing by virtue of the laws of the State of California with its principal place of business located in Temecula, California.

## BARGAINING AGREEMENT AND STATUS OF PARTIES

8. On or about March 10, 2020, Defendant executed a Letter of Assent whereby Defendant agreed to be bound by the terms and conditions of the Santa Ana Unified School District ("SAUSD") Community Workforce Agreement ("SAUSD CW Agreement") effective August 30, 2017, for work performed by Defendant on SAUSD projects. Plaintiffs are informed and believe, that Defendant performed work on a number of SAUSD projects. Those projects include but are not limited to the SAUSD McFadden Intermediate Project, the SAUSD Sierra Preparatory Academy Project, and the SAUSD Saddleback High School Project.

9. On or about June 5, 2020, Defendant executed a Letter of Assent whereby Defendant agreed to be bound by the terms and conditions of the Antelope Valley College ("AVC") Community Workforce Agreement ("AVC Agreement") effective February 17, 2020, on a AVC construction project known as BP #1 ("AVC Discovery Lab Project").

10. On or about August 7, 2020, Defendant executed a Letter of Assent whereby Defendant agreed to be bound by the terms and conditions of the AVC Agreement for work performed on AVC construction project known as the Student Services BP # 01B & BP #04 project ("AVC Student Services Project").

11. Plaintiffs are informed and believe, and based thereon allege, that pursuant to the terms of the SAUSD CW Agreement, and AVC Agreement (the "Project Labor Agreements"), all contractors and subcontractors who have been awarded contracts for work covered by the Project Labor Agreements, or otherwise perform work on a project covered by the Project Labor Agreements, are required to accept and be bound to the terms and conditions of the Project Labor Agreements.

1  Trustees are informed and believe, and thereon allege, that Defendant is bound to the
2  Project Labor Agreements by working on the AVC Discovery Lab Project, the AVC
3  Student Services Project, SAUSD McFadden Intermediate Project ("SAUSD
4  McFadden Project"), the SAUSD Sierra Preparatory Academy Project ("SAUSD
5  Sierra Prep Project"), and the SAUSD Saddleback High New Food Service Building
6  & Modernization Project ("SAUSD Saddleback Project") (collectively, the "SAUSD
7  Projects").

      12.   The Project Labor Agreements incorporate by reference certain collective bargaining agreements of signatory unions. Local 12 is a signatory union to the Project Labor Agreements; therefore, the terms and provisions of Local 12's applicable collective bargaining agreements and related Trust Agreements are incorporated into the Project Labor Agreements.

      13.   Local 12's applicable collective bargaining agreement for the work performed under the Project Labor Agreements is the Master Labor Agreement (the "Master Agreement") in effect between Local 12 and the Southern California Contractors Association, Inc. ("Association"), a multi-employer association, and the incorporated Trust Agreements. The Master Agreement incorporates by reference the Trust Agreements. On or about March 2, 2020, Defendant signed written acknowledgments and acceptances of each of the Trust Agreements.

      14.   The Project Labor Agreements expressly provide that contractor's signatory to the Project Labor Agreements adopt and agree to be bound by the written terms of the applicable, legally established, trust agreements specifying the detailed basis on which payments are to be made into, and benefits paid out of, such trust funds for its employees. The Project Labor Agreements further provide that signatory contractors authorize the parties to such trust funds to appoint trustees and successor trustees to administer the trust funds and "hereby ratifies and accepts the trustees so appointed as if made by the Contractor."

15. At all times since at least March 2, 2020, the Master Agreement has been an effective written collective bargaining agreement between the Association and Local 12. At all times relevant herein, Defendant was obligated to the terms and provisions of the Project Labor Agreements, Master Agreement, and related Trust Agreements.

16. Defendant is an "*employer*," as that term is understood in the Master Agreement and related Trust Agreements.

17. Defendant is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and therefore, Defendant is "*obligated to make contributions to a multiemployer plan*" within the meaning of section 515 of ERISA [29 U.S.C. § 1145]. Plaintiffs are informed and believe, and thereon allege, that Defendant is also an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. § 142(1) and § 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

## CLAIM FOR RELIEF

**Breach of Written Collective Bargaining Agreement and Violation of § 515 of ERISA [29 U.S.C. § 1145]**

18. Plaintiffs hereby incorporate by reference paragraphs 1 through 17 above to the same effect as if set forth here verbatim.

19. Section 515 of ERISA [29 U.S.C. § 1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

20. Defendant is an "*employer*" as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of section 515 of ERISA [29 U.S.C. § 1145].

1    21.  By the terms and provisions of the Master Agreement and related Trust Agreements, and at all times material herein:

   A.  Defendant agreed to prepare and submit true, complete and accurate written monthly contribution reports ("Monthly Reports") to Plaintiffs on a timely basis showing the identities of its employees performing work covered by the Master Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees.  The Monthly Reports are either submitted in hard copy or electronically through an online reporting portal.

   B.  At all times material herein, Defendant has been obligated to submit its Monthly Reports and pay its contributions to Plaintiffs at Plaintiffs' administrative offices in Pasadena, California, on or before the 10th day of each successive month.

   C.  Defendant agreed to permit Plaintiffs and their agents to conduct audits of payroll and related records to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and related Trust Agreements.

   D.  Defendant agreed to pay to Plaintiffs fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees.  These amounts are due and payable at Plaintiffs' administrative offices in Pasadena, California.

   22.  Based on Monthly Reports Defendant submitted to Plaintiffs for covered work it performed on the Projects for the work months of June 2021 and July 2021, Defendant admitted that it failed to pay contributions due and owing to the Trusts totaling $19,085.95 in violation of the Project Labor Agreements, Master Agreement, Trust Agreements, and its statutorily mandated obligation under § 515 of ERISA [29 U.S.C. § 1145], to timely pay contributions to the Trusts.

   23.  On or about August 31, 2022, Plaintiffs completed an audit ("Audit") of certified payroll reports prepared and submitted by Defendant to public entities for

work performed on the SAUSD McFadden Project, SAUSD Sierra Prep Project, AVC Student Services Project, and AVC Discovery Lab Project covering the time period of June 2019 through August 2021 ("Audit Period"). The Audit revealed that Defendant failed to report all hours worked on the Projects and underpaid its contributions during the Audit Period in the amount of $6,047.40 in violation of the Project Labor Agreements, Master Agreement, Trust Agreements, and its statutorily mandated obligation under § 515 of ERISA [29 U.S.C. § 1145].

24. Defendant has failed to submit its Monthly Reports and pay its contributions to the Trusts since August 2021 through the present in violation of the Project Labor Agreements, Master Agreements, Trust Agreements, and its statutorily mandated obligation under § 515 of ERISA [29 U.S.C. § 1145]. The total amount of contributions due and owing to Plaintiffs is currently unknown and will be established by proof at trial herein.

25. Plaintiffs are informed and believe, and thereon allege, that Defendant has failed to pay certain additional amounts of fringe benefit contributions not presently known to Plaintiffs. These additional amounts will be established by proof.

26. Defendant is a "*delinquent*," as that term is used in the Master Agreement and related Trust Agreements.

27. Plaintiffs are informed and believe, and thereon allege, that there is no legal excuse for Defendant's breach of its obligations under the Project Labor Agreements, Master Agreement and related Trust Agreements in violation of section 515 of ERISA [29 U.S.C. § 1145].

28. Defendant has failed to pay contributions and damages owed to Plaintiffs, accruing since at least June 2019. Pursuant to the Master Agreement, Defendant agreed that in the event Defendant failed to pay or to timely pay fringe benefit contributions or otherwise comply with the terms and provisions of the Master Agreement and related Trust Agreements, Defendant would be considered delinquent with Plaintiffs and would pay Plaintiffs the greater of $25.00 per month or ten percent

(10%) of the total amount then due as liquidated damages for each delinquency.

29. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan:(i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

30. Pursuant to the written Operating Engineers Trust Funds Joint Contribution Committee Collection Policy & Procedures ("Joint Collection Policy") promulgated by the Plaintiffs' Trustees pursuant to the authority granted to them by the Master Agreement and/or Trust Agreements, interest on unpaid or untimely paid fringe benefit contributions shall be calculated at 8% per annum. The Joint Collection Policy also provides that liquidated damages shall be assessed at 10% of unpaid or untimely paid contributions.

31. Pursuant to the Master Agreement, related Trust Agreements, Joint Collection Policy, and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], The exact amount of liquidated damages owed by Defendant to Plaintiffs will be established by proof.

32. Pursuant to the Master Agreement, related Trust Agreements, Joint Collection Policy, and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Defendant owes Plaintiffs interest calculated at 8% per annum from the respective due

dates on all unpaid or untimely paid fringe benefit contributions. The exact amount of interest owed by Defendant to Plaintiffs will be established by proof.

33. It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to their reasonable attorneys' fees in connection therewith pursuant to the Master Agreement, Trust Agreements, Joint Collection Policy, and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)]. The exact amount of the legal fees due and payable has not been ascertained at this time. These amounts shall be established by proof.

34. Plaintiffs incurred audit costs of at least $650.00, and may incur additional amounts of audit costs which shall be established by proof.

35. Pursuant to section 502(g)(2)(E) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs shall request the Court to:

A. Order Defendant to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs in an amount determined by the Court to be appropriate, and

B. Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to Plaintiffs, and

C. Order Defendant to pay to Plaintiffs all amounts due to Plaintiffs, including, but not limited to, the unpaid contributions, other damages for breach of contract, legal fees, audit costs, and other expenses and damages incurred.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# PRAYER

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1. For unpaid fringe benefit contributions of at least $27,156.24, plus additional amounts as proved;

2. For damages in amounts as proved;

3. For liquidated damages in amounts as proved;

4. For interest in amounts as proved;

5. For audit costs of at least $650.00, plus additional amounts as proved;

6. For reasonable attorneys' fees and costs of suit incurred, in amounts as proved; and

7. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

   7.1 An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to Plaintiffs; and

   7.2 For a good faith deposit or performance bond in favor of Plaintiffs in an amount equal to the total amount determined by this Court to be due to Plaintiffs, as proved.

Dated: January 13, 2023        Respectfully Submitted,

                               LAQUER URBAN CLIFFORD & HODGE LLP

                               By: */s/ Andrew Quinn Thompson*
                                   ANDREW QUINN THOMPSON
                               Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

## WAIVER OF JURY TRIAL

Plaintiffs hereby waive a jury trial in this action.

Dated: January 13, 2023

Respectfully Submitted,

LAQUER URBAN CLIFFORD & HODGE LLP

By: */s/ Andrew Quinn Thompson*
ANDREW QUINN THOMPSON
Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.