UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-63 JGB (SHKx)** | Date | August 1, 2023 |
|---|---|---|---|
| Title | ***Trustees of the Operating Engineers Pension Trust et al. v. M.V.C. Enterprises, Inc.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order to Show Cause (IN CHAMBERS)**

On January 13, 2023, Plaintiffs filed their complaint against Defendant M.V.C. Enterprises, Inc. ("Complaint," Dkt. No. 1.) On May 24, 2023, Plaintiffs filed a proof of service upon Defendant, indicating that service was effectuated on May 5, 2023 and an answer was due May 26, 2023. ("Proof of Service," Dkt. No. 14.) Since then, there has been no activity in this case.

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Generally, defendants must answer the complaint within 21 days after service (60 days if the defendant is the United States). Fed R. Civ. P. 12(a)(1). In the present case, it appears that one or more of these time periods has not been met.

Additionally, Rule 41(b) of the Federal Rules of Civil Procedure grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute her case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Here, it appears that Plaintiffs may have failed to prosecute this case with reasonable diligence because the case has been dormant for three months.

      Accordingly, the Court, on its own motion, orders Plaintiffs to show cause in writing on or before **August 10, 2023** why this action should not be dismissed for lack of prosecution. The Court finds that this matter is appropriate for submission without oral argument and the Order to Show Cause ("OSC") will stand submitted upon the filing of a responsive pleading or motion on or before the date upon which a response by Plaintiffs is due. See Fed. R. Civ. P. 78. Failure to timely or adequately respond to this OSC may, without further warning, result in the dismissal of the entire action without prejudice.

**IT IS SO ORDERED.**